UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

:
EDWIN CADENA, ET AL                   :
                                      :
v.                                    : CIV. NO. 3:08CV574 (WWE)
                                      :
A-E CONTRACTING, LLC and              :
AKBAR ETEMADFAR                       :
                                      :

RULING ON MOTION FOR APPOINTMENT OF RECEIVER OF RENTS

Plaintiffs are five laborers who brought this action against defendants Akbar Etemadfar, and the company of which he is sole principal and owner, A-E Contracting, LLC. This action was commenced on April 16, 2008. [Doc. #1]. Plaintiffs allege that the defendants failed to pay them wages owed, including regular and overtime wages, in violation of the Fair Labor Standards Act, 29 U.S.C. §201, et seq., and Connecticut wage laws, Conn. Gen. Stat. §31-58, et seq.  A default judgment (corrected) in the amount of $26,938.53 was entered against the defendants on September 22, 2009.  [Doc. #31].  In subsequent proceedings the Court denied defendants' motion to reopen and awarded plaintiffs additional attorney's fees in the amount of $2,133. [Doc. #55, 56].

Plaintiffs have made several attempts to execute on the total judgment of $29,071.53, which have been unsuccessful.

- Plaintiff placed judgment liens up to the amount of the unsatisfied judgment on two properties belonging to the

1

defendants: 4 France Street, Norwalk, which is owned by
defendant A-E Contracting, LLC, and 151 Dannel Drive,
Stamford, which is owned by defendant Akbar Etemadfar.

- On May 22, 2013, this Court presided over an
  examination of judgment debtor at which defendant Akbar
  Etemadfar appeared. The defendant's repeated refusal to
  answer questions regarding his assets and those of his
  company resulted in the Court finding Etemadfar in
  contempt with a remand to the custody of the United
  States Marshals Service. [Doc. #80].  Only after
  Etemadfar was held in the lock-up for several hours and
  received the assistance of legal counsel did Etemadfar
  return to court and agree to answer questions.

- In testimony provided under oath, Etemadfar claimed
  that the residential property at 4 France Street,
  Norwalk, which is listed as belonging to defendant A-E
  Contracting, LLC, actually belongs to a cousin who
  lives in San Francisco, California.  Similarly,
  Etemadfar claimed that residential property at 151
  Dannel Drive, Stamford, which is listed on land records
  as belonging to him, also belongs to his cousin.
  Edemadfar further testified that the residential units
  at these addresses were leased and tenants paid monthly
  rents, but he played no role in collecting the rents
  and had no control over the funds.

- After the examination, the Court ordered defendants to
  produce records that would support the assertion that
  these properties, and the rents received on these
  properties, did not belong to defendants.

- On May 28, 2013, the Court granted plaintiff's Motion
  for Disclosure of Assets, directing that defendants
  Etemadfar and A-E Contracting, LLC provide financial
  documentation that would assist plaintiffs in locating
  assets to satisfy judgment. [Doc. #79]. The Order of
  Disclosure was served on defendants' counsel, on or
  about May 28, 2013.

- To date, defendants have not complied with the Court's
  order to disclose assets.

At the hearing on November 20, 2013, Etemadfar again argued,

through his counsel, that the properties held in the defendants'
names were owned by a cousin who resides in San Francisco.[1]
[Doc. #88]. Defendants offered no evidence to support his
contention. Because the land records for the two properties show
that defendants are the sole owners, there is no evidence that
the properties belong to anyone other than the defendants, and
efforts to obtain responsive information about defendants' assets
has proven futile, plaintiffs now move for Appointment of
Receiver of Rents seeking an order to facilitate satisfaction of
the judgment and payment of costs.   **[Doc. #81].**

The Court finds that defendants have been non-responsive to
plaintiffs' efforts to identify assets that could satisfy the
judgment at the examination on May 22, and continuing to November
20, 2013.  Defendants' failure to comply with the Court's order
for disclosure of assets evidences the kind of evasive and
obstructive tactics that support the appointment of receiver of
rents to satisfy the judgment.

Based on the current record, plaintiffs' Motion for
Appointment of Receiver of Rents **[Doc. #81]** is **GRANTED** in
accordance with Conn. Gen. Stat. §52-504.

This Court has authority to appoint a temporary receiver.
Pursuant to 28 U.S.C. §636(b)(1), and Rule 1 of our Local Rules

---

[1] Defendant Etemadfar appeared with counsel at the November 20
hearing.  [Doc. #87]. No attorney has appeared for the corporate
defendant.

for United States Magistrate Judges, district judges may refer to magistrate judges matters for hearing and determination or for hearing and recommendation. A motion for injunctive relief is referred pursuant to the latter, 28 U.S.C. §636(b)(1)(A). Unlike injunctive relief, however, the appointment of a temporary receiver under Connecticut law is not dispositive of the rights and obligations of the parties. Instead it is akin to the granting of a Prejudgment Remedy ("PJR"), for which magistrate judges in Connecticut have authority to exercise the Court's jurisdiction.   Aetna Life Ins. Co. v. Tooth Savers Dental Servs., No. 3:96CV570 (GLG), 1997 WL 102453 (D. Conn. Feb. 4, 1997).  A motion to appoint a receiver is not a motion for injunctive relief not is it one of the "other specified motions" listed in 28 U.S.C. §636(b)(1)(A), which limits the authority of magistrate judges.  "While the relief granted plaintiff has interfered with defendants' use of their bank accounts, we do not find that such prejudgment remedy constitutes "injunctive relief."  Tooth Savers,  1997 WL 102452, at *2 . Our Circuit Court has adopted this reasoning. Tooth Savers,  1997 WL 102452, at *2 ("orders granting, denying, continuing or vacating attachments are not injunctions."

(citing Inter-Regional Financial Group v. Hashemi, 562 F.2d 152, 154, (2d Cir. 1997), cert. denied,  434 U.S. 1046 (1978); Feit & Drexler, Inc. v. Drexler, 760 F.2d 406, 412 (2d Cir. 1985)).

As a non-dispositive ruling, this Order Appointing Receiver is reviewable pursuant to the "clearly erroneous" standard, an Order of the Court unless reversed or modified by the district

Judge upon application timely made.  28 U.S.C. §636(b)(1)(A);
Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 72 of the Local
Rules for United States Magistrate Judges.

Under Connecticut General Statute §52-504, a Court has
authority to appoint a receiver.[2]  In Connecticut,  "[t]he
application for a receiver is addressed to the sound legal
discretion of the court, to be exercised with due regard to the
relevant statutes and rules."  Masterson v. Lenox Realty Co., 127
Conn. 25, 33 (1940); Potter v. Victor Page Motors Corp., 300 F.
885, 888 (D. Conn. 1924) (district court has inherent power to
appoint a receiver under the law of the state of Connecticut as
interpreted by its highest court); see also Burnrite Coal v.
Briquette Co. v. Riggs, 274 U.S. 208, 212 (1927) ("[a] federal
district court may, under its general equity powers independently
of any state statute, entertain a bill of a stockholder against
the corporation for the appointment of at least a temporary
receiver in order to prevent threatened diversion of loss of
assets through gross fraud and mismanagement of its officers.").

---

[2] Section 52-504 states,

> When any action is brought to or pending in the
> superior court in which an application is made
> for the appointment of a receiver, any judge of
> the superior court, when such court is not in
> session, after due notice given, may make such
> order in the action as the exigencies of the case
> may require, and may, from time to time, rescind
> and modify any such order. The judge shall cause
> [her] proceedings to be certified to the court in
> which the action may be pending, at its next
> session.

Conn. Gen. Stat. §52-504.

Plaintiff's counsel will consult with counsel for defendant and propose a qualified person to act as receiver, together with proposed conditions such as a bond, and compensation to be paid. The Court will enter an order of appointment upon receipt of counsels' report.

ENTERED at Bridgeport this 21st day of November 2013.


__/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE