UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EDWIN CADENA, FERNANDO          :
CASANO, RODOLFO RIVERA,         :
LUIS ALBERTO FLORES,            :
and ROMAN AGUIRE,               :        3:08cv574 (WWE)
    Plaintiffs,                :
v.                              :
                                :
A-E CONTRACTING, LLC & AKBAR    :
ETEMADFAR,                      :
    Defendants.                :
................................:

## RECOMMENDED RULING ON ACCOUNTING, CONTEMPT SANCTIONS AND PENDING MOTIONS

Plaintiffs are five laborers who brought this Fair Labor Standards Act action against the defendants Akbar Etemadfar and the company of which he is sole principal and owner, A-E Contracting, LLC. A default judgment in the amount of $26,938.53 was entered against the defendants on September 22, 2009 [Doc. 31]. Due to subsequent awards of additional attorney's fees and post judgment interest, the judgment amount has increased to $43,941.48 [Doc. 110].

In a ruling adopted by this Court on December 11, 2015 [Docs. 160 & 165], the Court held that defendant Etemadfar had acted in contempt of this Court's authority. On December 15, 2015, the Court convened a hearing to determine the amount outstanding on the judgment, the amount of reasonable fees owed to the Receiver, the amount of reasonable attorney's fees incurred by plaintiffs' counsel in monitoring and enforcing the Court's Order, and an appropriate sanction to compensate for the damage caused by defendant Etemadfar's contempt resulting from his continual non-

1

compliance with this Court's orders. Subsequent to that hearing, plaintiff filed a motion for entry of an award of attorney's fees and costs and receiver fees [Doc. 173].

Defendant Etemadfar has filed a motion to dismiss the Receiver [Doc. 130], a motion to order the Receiver to pay taxes, water and garbage [Doc. 131], a motion to release the liens on his properties [Doc. 134], a motion to terminate the case and refund the excess money [Doc. 150], and a motion for payment [Doc. 183]. In his opposition to the motion for award of attorney's fees and costs and receiver fees, defendant Etemadfar has requested a hearing to allow further inquiry into the accounting of the rents submitted at the December 15 hearing. Upon review, the Court DENIES the request for the hearing and makes the following findings.

## **BACKGROUND**

Due to difficulty collecting the judgment, this Court appointed a receiver to collect rents from defendants' properties and to manage the rental properties. This Court has found defendant Etemadfar in contempt for defying this Court's orders barring him from interfering with the duties of the receiver, for contacting and harassing the tenants, and for entering the property.

On August 25, 2015 [Doc. 127], this Court unequivocally barred defendant Etemadfar from involvement with 4 France Street as follows:

> Neither defendant Akbar (a/kla "Alex") Etemadfar, nor his agents, nor any employee or agent of defendant A-E Contracting, LLC, shall have any communication with any of the tenants, or with the family of or visitors to any of the tenants at 4 France Street, Norwalk. It is further ordered that neither defendant Akbar (a/kla "Alex") Etemadfar, nor his agents, nor any employee or agent of defendant A-E Contracting, LLC, shall take any action that interferes in any fashion with Goodman's management of the property, his communications with the tenants, or his collection of rents on the property. Neither defendant Akbar (a/kla "Alex") Etemadfar, nor his

>agents, nor any employee or agent of defendant A-E Contracting, LLC, shall have the authority to solicit applications for tenants, enter into leases, or collect any monies from applicants for tenancy or from tenants, or from the Norwalk Housing Authority. In the event that defendant Akbar (a/kla "Alex") Etemadfar, or his agents, or any employee or agent of defendant A-E Contracting, LLC, are approached by any person or organization, including but not limited to the Norwalk Housing Authority, regarding rental units at 4 France Street, Norwalk, he or they are to direct any and all such inquiries to Goodman as the Court appointed property manager.

The Court afforded defendant Etemadfar seven calendar days to remove his personal or business property from the garage and parking area.

On October 2, 2015, plaintiffs' attorney sought a finding of contempt due to Etemadfar's commencement of eviction proceedings against a tenant at the 4 France Street property. On November 5, 2015, this Court convened a hearing to determine whether defendant Etemadfar should be held in contempt for violating this Court's order. At the hearing, plaintiff had admitted that he continually maintained access to the security cameras at the 4 France Street building; that he caused agents to have contact with tenants; and that he commenced eviction proceedings against a tenant in the Housing Session of Superior Court. At the hearing, plaintiffs' counsel pointed out that not all of the tenants at 4 France Street had complied with this Court's order by paying their rent to the receiver. Consequently, the Court ordered defendant to provide plaintiff with all leases and a list of all tenants who should have been paying rent to the receiver for the building known as 4 France Street by Friday, November 20, 2015.

In its recommended ruling dated November 20, 2015 [Doc. 160], the Court made a finding of contempt based on Etemadfar's admission that he continually

3

maintained access to the security cameras at the 4 France Street building; that he caused agents to have contact with tenants; and that he commenced eviction proceedings against a tenant in the Housing Session of Superior Court. The Court adopted the recommended ruling on December 11, 2015 [Doc. 165].

Due to defendant Etemadfar's failure to provide tenant information as ordered, the Court issued another order dated November 30, 2015, instructing defendant Etemadfar to provide lease documents and a list of the tenants by December 4, 2015 [Doc. 161]. Defendant failed to timely comply with this order. In a telephonic conference held on December 10, 2015, defendant Etemadfar represented that he did not know the identities of the tenants and did not possess any leases because his cousin managed the property.

On December 10, 2015, the Court issued an order instructing defendant to provide information about the rent paid by each tenant and the identity of the entity or individual to whom such rent had been paid [Doc. 163]. The Order provided that if defendant could not provide such information, his counsel should hire a State Marshal to enter the building and to determine the tenants, their contact information, the amount of rent paid by each tenant, and the entity or individual to whom the rent had been paid by each tenant since appointment of the receiver. The Order set forth that if such information was not provided to plaintiffs' counsel by 5 PM on Monday, December 14, 2015, the defendant should produce the individual asserted by defendant to be his cousin who manages the property to testify at the scheduled hearing on December 15, 2015.

4

At the December 15, 2015 hearing, defendant Etemadfar's counsel informed the Court that his client had been taken into custody of Immigration and Customs Enforcement with an order of deportation pending.  Defendant's counsel represented that the Court's prior orders regarding the identities and payment of rents had not been satisfied.  The Court allowed that a private investigator agreed upon by both plaintiffs' and defendant's counsel could be hired to satisfy the December 10, 2015 order.

On December 22, 2015, defendant's attorney submitted notice of compliance with the Court's order dated December 10, 2016.  The tenants at units 6A, 6B and 6D indicated that they had paid their rent to Etemadfar rather than to the Receiver.

On December 29, 2015, the Court issued an order, noting that the tenants in units 6A, 6B, and 6D at 4 France Street had paid monthly rent to Akbar "Alex" Etemadfar and/or his agents in violation of the Court's order.  The Court ordered the tenants in these rental units to make all future rent payments to the Receiver.

## **DISCUSSION**

The Court has reviewed the exhibits submitted at the December 15 hearing, including interim accountings from the Receiver of Rents Norman Goodman relevant to the defendant Etemadfar's properties at 22 Lee Street, Stamford, and 4 France Street, Norwalk, Connecticut, which detailed the amounts received from each tenant and the amounts paid to maintain the buildings.  The Court has also reviewed a spreadsheet of all amounts collected for the judgment from June 17, 2011, through December 7, 2015.

As of December 15, 2015, the evidence demonstrated that $16,175 was being

held in escrow and that $6,923.58 remained to be collected on the judgment.

The Receiver, Norman Goodman, testified about his difficult dealings with Etemadfar, who accused him of taking money improperly. Goodman described how Etemadfar has acted to hamper Goodman's ability to collect rents from tenants despite the tenants' knowledge of this Court's order requiring payment to the Receiver. Goodman stated that he knew about certain tax liens on the property but he had never received the actual tax bill. He testified that he charged .04% for basic overhead and less than 5% for his receiver fee for this case. He indicated further that his fees to date were $2,107.[1]

The Court also questioned Attorney Peter Goselin about his attorney's fees. He estimated that he had not been compensated for 30 hours of work, which amount did not include the time taken to compensate him for the December 15, 2015 hearing. He also stated that he charged a rate of $375 an hour. After the hearing, Attorney Goselin submitted records of his attorney fees and costs, which reflect that he worked a total of 32.30 hours from October 9, 2014, through December 15, 2015. The records also document his incurrence of $25 in costs associated with his representation at the hearings on contempt. Accordingly, Attorney Goselin requests $12,137.50.

The Court must determine a reasonable hourly rate of pay by considering factors such as the complexity of the case, an attorney's experience, and fee awards

---

[1] These fees do not include the costs the receiver has incurred, because the Court's order of appointment permits the Receiver to subtract costs from the rents received.

in similar cases; the Court multiplies that rate by the number of hours "reasonably required" to perform a task. Andrade v. Kwon, 2012 WL 3059616 at *10 (D. Conn.). In light of Attorney Goselin's considerable experience practicing employment law and the difficulty particular to the collection of this judgment from defendant, the Court finds that $375 an hour represents a reasonable attorney fee and that 32.30 hours were reasonably required.

This Court has inherent power to hold a party in civil contempt to enforce compliance with an order of the court or to compensate for losses or damages. SD Prot., Inc. v. Del Rio, 587 F. Supp. 2d 429, 433 (E.D.N.Y. 2008). A party may be found in civil contempt for failure to comply with a court order if (1) the order is clear and unambiguous; (2) the proof of noncompliance is clear and convincing; and (3) the contemnor has not diligently attempted to comply in a reasonable manner. Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645, 655 (2d Cir. 2004). A willful violation need not be proved. Donovan v. Sovereign Sec. Ltd., 726 F. 2d 55, 59 (2d Cir. 1984). The standard for contempt is "rigorous" and requires that the party seeking contempt prove its elements "by clear and convincing evidence." Schmitz v. St. Regis Paper Co., 758 F. Supp. 922, 925 (S.D.N.Y.1991). A court enjoys broad discretion in determining the appropriate sanction, and should consider the harm and probable effect of alternative sanctions. Paramedics Eltromedicina Comercial, Ltda, 369 F.3d at 657; EEOC v. Local 29, Sheet Metal Workers, 247 F.3d 333, 336 (2d Cir. 2001). The Court may resort to incarceration as a coercive sanction for civil contempt, providing that "the contemnor is able to purge the contempt and obtain his release by committing an affirmative act."

Int'l Union Mine Worker of Am. v. Bagwell, 512 U.S. 821, 828-29 (1994).

In its prior ruling granting plaintiffs' motion for a finding of contempt dated November 20, 2015, this Court held that defendant Etemadfar had acted in contempt of this Court's order.[2]  The Court finds as an appropriate sanction the plaintiffs' reasonable attorney's fees, which amount to $12,137.50.  Since these fees were incurred due to Etemadfar's noncompliance, this monetary sanction provides compensation for the damage caused by defendant Etemadfar's conduct. The Court will charge to Etemadfar any additional attorney's fees that are required should Etemadfar's noncompliance cause further legal action.

Defendant Etemadfar's Pending Motions

The pending motion to dismiss the Receiver, motion to release the liens on his properties, and a motion to terminate the case and refund the excess money, motion to order the Receiver to pay taxes, water and garbage and motion for payment are DENIED.

The outstanding taxes on the property at 4 France Street became due in 2013 and 2014.  As of April 4, 2016, the tax debt amounted to $24,970.75.  As reflected by record and as detailed in this Court's rulings dated September 22, 2014 and

---

[2] Plaintiff admitted that he continually maintained access to the security cameras at the 4 France Street building; that he caused agents to have contact with tenants; and that he commenced eviction proceedings against a tenant in the Housing Session of Superior Court.  These admissions constitute clear and convincing evidence that defendant Etemadfar violated this Court's unambiguous order issued August 25, 2015, directing defendant that he and his agents (1) were not permitted on the property; (2) were barred from communicating with tenants at 4 France Street; and (3) were prohibited from interfering with the receiver's duties of managing the property, communicating with tenants and collecting rents at the property.

November 20, 2015, respectively [docs. 110 and 160], the Receiver's efforts to collect rents to satisfy the judgment have been hampered and prolonged by defendant's interference with the tenants. Accordingly, the Receiver was unable to amass the sums necessary to pay the taxes. Due to defendant's sanctionable conduct, the Receiver was prevented from providing for the payment of the taxes. The Norwalk tax collector office has stated that partial payment of the tax debt will not be accepted to prevent the property's sale to satisfy the tax debt. The Court has received notice that the property sale is scheduled for July 18, 2016.

The Court will relieve the Receiver of his duties after the sale, with instructions to apply any money held in escrow to the remainder of the judgment and to the amounts owed to the Receiver and plaintiffs' counsel for their services and costs.

## **CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiff's motion for attorney and receiver fees [doc. 173]. The Court finds that $12,137.50 is owed to compensate plaintiffs' attorney for fees and costs and should be awarded as a sanction for Etemadfar's contempt. The Court finds that following amounts were owing as of December 15, 2015:

$6,923.58 for the remainder of the judgment; and

$2,107 for the Receiver's fee.

The Court DENIES defendant's motion to dismiss the Receiver [doc. #130], motion to release the liens on his properties [doc. 134], and motion to terminate the case and refund the excess money [doc. 150]. The Court DENIES defendant's motion to order

the Receiver to pay taxes, water and garbage [doc. 131] and the motion for payment [Doc. 183].

This is a Recommended Ruling. See Fed. R. Civ. P. 72(b)(1).  Any objections to this recommended ruling must be filed with the Clerk of the Court within fourteen (14) days of being served with the order. See Fed. R. Civ. P. 72(b)(2).  Failure to object within fourteen days may preclude appellate review.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); and D. Conn. L. Civ. R. 72.2; Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, 596 F.3d 84, 92 (2d Cir. 2010).

Dated this 22d day of June, 2016, at Bridgeport, Connecticut.

/s/Holly B. Fitzsimmons
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE